UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
**Proceeding Memorandum/Order**

**In Re:** Longyear Properties, LLC v. Longyear at Fisher Hill Condominium Trust et al

**Case/AP Number** 10-01363 -FJB
**Chapter**

#10 Motion of Defendant to Dismiss Adversary Proceeding (C. Murphy)
#16 Opposition of Plaintiff (P. Harbeson)

**COURT ACTION:**

_____ Hearing held
_____ Granted      _____ Approved      _____ Moot
_____ Denied       _____ Denied without prejudice    _____ Withdrawn in open court
_____ Overruled    _____ Sustained
_____ Continued to_____
_____ Proposed order to be submitted by _____
_____ Stipulation to be submitted by_____
_____ No appearance by _____
Show Cause Order    _____ Released    _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

After a hearing held on March 28, 2011, the Motion of Longyear at Fisher Hill Condominium Trust to Dismiss is hereby denied as to the Count IV demand for declaratory relief on the "rolling lien" issue. As to all remaining counts, decision is deferred until after completion of further process to determine whether these counts are core and otherwise to determine the extent of the Court's authority to adjudicate them and whether the court should abstain under 28 U.S.C. § 1334(c)(1).

As to Count IV, the Court concludes as follows. This demand for relief concerns the priority of liens against property of the estate and as such constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(K). The Trust's request for mandatory abstention under 28 U.S.C. § 1334(c)(2) is hereby denied on the basis that the matter in question cannot be timely adjudicated in the existing state court proceedings; for the same reason the Court will not, in the interest of comity with the state courts, abstain under 28 U.S.C. § 1334(c)(1) as to the declaratory judgment count. I further find no basis for issue preclusion or claim preclusion of any kind, including under the Rooker-Feldman doctrine, as to the declaratory judgment count; the sole judgment that has issued did not address the present issue of priority and could not have done so, as, when it entered, there was not yet in existence another judgment or lien in favor of the Trust. With respect to the merits, the Court is satisfied, for the reasons articulated by counsel for Citizens Bank in support of Citizens' Motion for Partial Summary Judgment in related adversary proceeding No. 11-1007, as supplemented by counsel oral argument at the hearing on the motion, that G. L. c. 183A, § 6 limits a condominium association to a single priority lien, not a series of liens. The declaratory judgment count therefore does not fail to state a claim on which relief can be granted..

IT IS SO ORDERED:

_____ Dated: 04/04/2011
Frank J. Bailey
United States Bankruptcy Judge